IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| MAURICE L. FITZGERALD, | ) | Cause No. CV 07-25-BLG-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY; ATTORNEY GENERAL OF THE STATE OF MONTANA, | ) ) ) | |
| | ) | |
| Respondent. | ) ) | |

On February 16, 2007, Petitioner Maurice Fitzgerald moved to proceed in forma pauperis with a fourth petition for a writ of habeas corpus under 28 U.S.C. § 2254. Fitzgerald is a state prisoner proceeding pro se.

In the instant petition, Fitzgerald raises five claims. He asserts, first, that he was denied funds to hire an expert defense witness to challenge the prosecution's expert witness; second, that he was deprived of access to impeachment materials to use against the prosecution's expert witness; third, that he was unconstitutionally tried and convicted by an eleven-person jury; fourth, that he was sentenced in excess of the state statutory maximum; and finally, that he was denied the effective assistance of counsel at trial and on appeal when his attorneys failed to raise these issues. See Mem. in Support of Pet. (*Court's Doc. No. 3*) at 2-12.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

Before filing the instant petition, Fitzgerald filed three other habeas petitions. See Fitzgerald v. Montana State Prison, Cause No. CV 90-56-BLG-JDS-RWA (D. Mont. filed Mar. 22, 1990); Fitzgerald v. MacDonald, Cause No. CV 00-52-BLG-JDS-RWA (D. Mont. filed Mar. 31, 2000); Fitzgerald v. MacDonald, Cause No. CV 01-27-BLG-JDS-RWA (D. Mont. filed Feb. 12, 2001). Consequently, on April 9, 2007, Fitzgerald was ordered to apply to the Ninth Circuit Court of Appeals for leave to proceed with a second or successive petition, pursuant to 28 U.S.C. § 2244(b). See Order to Apply (doc. 6) at 3-4, ¶ 1. He did so.

On November 20, 2007, the Court of Appeals denied his application. See Order at 2, Fitzgerald v. Mahoney, No. 07-71718 (9th Cir. Nov. 20, 2007) (*Court's Doc. No. 10*). The court held that Fitzgerald had failed to establish either (A) that any of his claims relied on a new, retroactively applicable rule of constitutional law, or (B) that the factual predicate for any of his claims could not have been discovered before now and would establish his innocence. Id. at 1-2.

A federal district court may not consider a second or successive habeas petition unless its filing is authorized by a court of appeals. See 28 U.S.C. § 2244(b)(1), (2), (3)(A); Ornoski v. Allen, 435 F.3d 946, 955-56 (9th Cir. 2006); Babbitt v. Woodford, 177 F.3d 744, 745-47 (9th Cir. 1999) (per curiam). Accordingly, Fitzgerald's petition must be dismissed with prejudice. Because it is clear that this Court may not proceed, no certificate of appealability should be issued.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

Fitzgerald's Petition (*Court's Doc. No. 1*) should be DISMISSED WITH PREJUDICE as an unauthorized second or successive petition. A certificate of appealability should be DENIED.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Fitzgerald may file written objections to the Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

Fitzgerald must immediately advise the Court of any change in his mailing address while this action remains pending.

DATED this 27th day of November, 2007.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge